THE CLINTON AMUSEMENT AND IMPROVEMENT COMPANY, PLAINTIFF-RESPONDENT, v. HARRY DRANOW AND ISADORE LEICHTER, DEFENDANTS-APPELLANTS.

Submitted December 2, 1915—Decided March 6, 1916.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This case was tried in the Second District Court of Jersey City before Judge Blair on October 9th, 1914, and a judgment was given for the plaintiff and against the defendants for the sum of $250. The suit was based upon a promissory note made by the defendants to the plaintiff and payable one month after date for $250. There was a notice of recoupment for damages for $3,000. The facts, out of which the suit grew, were as follows: An agreement was made dated March 26th, 1914, between the plaintiff and the defendants, whereby plaintiff agreed to turn over to defendants the management and operation of the Bergen Airdrome during the summer of 1914, and defendants agreed to pay $1,850. The defendants paid the first installment of $250 and took pos-

session of the airdrome May 7th, 1914, and after that time the agreement was modified, whereby $500 was deducted from the sum, to be paid by the defendants, and the defendants paid all but $250, and for the balance of $250 gave this note, payable August 11th, 1914; that prior to the note coming due, and on August 7th, 1914, the plaintiff is alleged to have taken peaceable possession of said airdrome and all contents and placed a lock on the door, without the consent of the defendants. The record shows that the plaintiff company, pursuant to the terms of the agreement entered into on March 26th, 1914, resumed control and operation of the airdrome on August 12th, and did open the same on August 13th. It also shows that Mr. Leichter told Mr. Hershenstein and Mr. Marshall that he was going to remove all of the scenery belonging to the Leichter Amusement Company, and that he 'was through with the place.' Leichter then left the airdrome. With this note of $250 a check for $400 was given, which has been paid. There was a stenographer appointed. It was alleged that she was incompetent, and therefore the court should reverse on that ground. We think not. The state of the case shows that without objection on the part of the appellant, the court proceeded to consider and decide the case without the aid of the stenographer's notes, and has settled a state of the case to which no objection has been taken. The recoupment was properly disregarded because it was in excess of the jurisdiction of the court.

"The facts show that the defendants surrendered the premises. The objections to the testimony of Marshall and the testimony of the former replevin suit and testimony as to quarrels are all immaterial. A finding of facts was made by the judge which supports the judgment, and there is ample evidence to support his finding. The judgment will be affirmed."

For the appellants, *Clarence Kelsey*.

For the respondent, *Hershenstein & Finnerty*.

PER CURIAM.

The judgment of the Supreme Court will be affirmed, for the reasons stated in its *per curiam,* except the statement that the facts showed that the defendants surrendered the premises. We think the facts showed that the premises were not surrendered but were abandoned, and that the plaintiffs thereupon resumed control of them.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, MINTURN, KALISCH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, JJ. 12.

*For reversal*—None.